UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

EMANI BROWNER-EL,

    *Plaintiff*,

v.

PATRICK R. GILLARD, *et al.*,

    *Defendants*.

Civil Action No. 1:25-cv-02479 (CJN)

**MEMORANDUM OPINION**

    This matter is before the Court on its initial review of Plaintiff Browner-El's Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants the IFP application and dismisses the Complaint without prejudice.

    Browner-El, a resident of the District of Columbia, sues PEPCO and one of its trustees. Compl. at 1–2, 4. His Complaint alleges that PEPCO has breached a contract and committed acts of fraud that have caused Browner-El unspecified "harm and injury." *See id.* at 4. He requests that "the account remain open and active, with all associated rights and privileges intact." *Id.*

    *Pro se* litigants must comply with the Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Rule 8 requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498

(D.D.C. 1977).  Here, the Complaint fails to provide Defendants or this Court with notice of Browner-El's intended claims.

Browner-El has also failed to establish this Court's subject matter jurisdiction.[1]  Browner-El not stated a federal question.  See 28 U.S.C. § 1331.  He does not cite to any federal authority and the Court cannot otherwise discern a federal question from the allegations as presented; indeed, Browner-El cites only to local D.C. Municipal Regulations.  See Compl. at 3.  Browner-El has also failed to establish diversity jurisdiction.  See 28 U.S.C. § 1332.  Browner-El has not demanded any damages, let alone alleged that the amount in controversy plausibly exceeds $75,000.

The case is accordingly dismissed without prejudice.  A separate Order consistent with this Memorandum Opinion will issue contemporaneously.

DATE:  October 17, 2025

_____
CARL J. NICHOLS
United States District Judge

---

[1] The subject-matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented, id. § 1331, or the parties are of diverse citizenship and the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," id. § 1332(a). A party seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction. See Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action. See Fed. R. Civ. P. 12(h)(3).